UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DERRICK RODNEY JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>MILLSPAUGH,<br><br>Defendant. | CAUSE NO. 1:25-CV-279-JD-SJF |

OPINION AND ORDER

Derrick Rodney Johnson, a prisoner without a lawyer, filed a motion asking to file a second amended complaint. ECF 26. Under Federal Rule of Civil Procedure 15(a)(2), the motion will be granted and the new complaint screened under 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Johnson alleges he was a pretrial detainee at the Allen County Jail on May 29, 2025, when Officer Millspaugh, C1633, struck him twice with a cell door. Under the Fourteenth Amendment, a pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* at 539. This complaint plausibly alleges Officer Millspaugh was punishing Johnson by hitting him twice with a cell door.

Johnson also sues Sheriff Troy Hershberger for failing to train Officer Millspaugh. Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), a failure to train claim can be brought against a sheriff based on a policy, practice, or custom.

> But the path to *Monell* liability based on inaction is steeper because, unlike in a case of affirmative municipal action, a failure to do something could be inadvertent and the connection between inaction and a resulting injury is more tenuous. For these reasons, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."

*J.K.J. v. Polk Cty.*, 960 F.3d 367, 378 (7th Cir. 2020) (en banc), *quoting Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1997). "*Monell* liability is difficult to establish precisely because of the care the law has taken to avoid holding a municipality responsible for an employee's misconduct. A primary guardrail is the threshold requirement of a plaintiff showing that a municipal policy or custom caused the constitutional injury." *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (en banc). Here, the complaint alleges the injury was caused by "overcrowding, understaffing, and an inability for ACJ [Allen County Jail] to properly train their ACJ Guards," but it does not plausibly allege facts showing a lack of training was causally related to the allegation that Officer Millspaugh intentionally punished him by hitting him twice with a cell door. ECF 26-1 at 5. Put another way, it is obvious without any training that it is wrong to punish an inmate by hitting him with a cell door. Therefore, a lack of training cannot be the reason Johnson was hit by the door.

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 26);

(2) DIRECTS the clerk to separately docket the Second Amended Complaint (ECF 26-1);

(3) GRANTS Derrick Rodney Johnson leave to proceed against Officer Millspaugh, C1633, in his individual capacity for compensatory and punitive damages for hitting him twice with a cell door at the Allen County Jail on May 29, 2025, in violation of the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Troy Hershberger;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Millspaugh, C1633, at the Allen County Jail, with a copy of this order and the Second Amended Complaint (ECF 26-1);

(7) ORDERS the Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if he has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Millspaugh, C1633, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 24, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT